# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　　Plaintiff,<br>v.<br><br>LORI GERSHON<br><br>　　　　　　　Defendant. | Case No. 3:15-cv-01354 (CSH)<br><br><br><br>December 6, 2016 |

## RULING ON MOTION TO DISMISS

**HAIGHT, Senior District Judge:**

The United States of America ("Plaintiff" or "the Government") brings this action pursuant to 26 U.S.C. § 7401 to reduce to judgment several unpaid federal tax liabilities of Defendant Lori Gershon. Specifically, the Government seeks to recover the total amount of $276,509.77, plus statutory interest and related costs.

Defendant, represented by out-of-state counsel appearing *pro hac vice*, has filed a Motion [Doc. 17] to dismiss the Complaint, which the Government opposes.  This Ruling resolves that motion.

## I.　　Facts

Plaintiff brings suit pursuant to 26 U.S.C. § 7401, to reduce to judgment unpaid federal tax liabilities from the years 1992 through 1995, 1998, and 2002 owed by the Defendant, Lori Gershon. A delegate of the Secretary of the Treasury made assessments against the Defendant for federal income taxes, penalties, and interests, as of September 9, 2015, in the following amounts:

| Tax Period | Assessment Date | Assessment Type | Amount |
|---|---|---|---|
| 1992 | 04/14/2003 | Tax Assessed | $10,797.00 |
| | 04/14/2003 | Late Payment Penalty | $2,6999.25 |
| | 04/14/2003 | Late Filing Penalty | $2,429.33 |
| | 04/14/2003 | Late Payment Interest | $15,863.33 |
| | | **Unpaid Balance With Interest as of 09/09/2015** | **$34,846.02** |
| 1993 | 04/14/2003 | Tax Assessed | $33,407.00 |
| | 04/14/2003 | Late Payment Penalty | $8,351.75 |
| | 04/14/2003 | Late Filing Penalty | $7,516.57 |
| | 04/14/2003 | Late Payment Interest | $43,159.33 |
| | | **Unpaid Balance With Interest as of 09/09/2015** | **$162, 320.65** |
| 1994 | 04/21/2003 | Tax Assessed | $16,530.00 |
| | 04/21/2003 | Late Payment Penalty | $25,735.16 |
| | 04/21/2003 | Late Filing Penalty | $4,132.50 |
| | 06/23/2014 | Late Payment Interest | $40,926.03 |
| | | **Unpaid Balance With Interest as of 09/09/2015** | **$60,220.29** |

| 1995 | 04/21/2003 | Tax Assessed | $925.00 |
| | 04/21/2003 | Late Payment Penalty | $669.53 |
| | 06/25/2007 | Late Filing Penalty | $194.22 |
| | 06/23/2014 | Late Payment Interest | $1,219.07 |
| | | **Unpaid Balance With Interest as of 09/09/2015** | **$3,119.35** |
| 1998 | 09/16/2002 | Tax Assessed | $6,903.00 |
| | 09/16/2002 | Late Payment Penalty | $1,373.00 |
| | 09/16/2002 | Late Filing Penalty | $1,590.29 |
| | 12/06/2010 | Late Payment Interest | $1,725.74 |
| | | **Unpaid Balance With Interest as of 09/09/2015** | **$14,730.81** |
| 2002 | 09/16/2002 | Tax Assessed | $3,301.00 |
| | 09/16/2002 | Late Payment Penalty | $13.86 |
| | 09/16/2002 | Late Filing Penalty | $7.81 |
| | 12/06/2010 | Late Payment Interest | $152.64 |
| | | **Unpaid Balance With Interest as of 09/09/2015** | **$1,272.65** |

Plaintiff further alleges that Gershon has failed to pay the amounts listed above.

The Government says that while the statute of limitations for the collection of taxes under 26 U.S.C. § 6502 is ten years, Gershon submitted several offers in compromise to the Internal Revenue Service ("IRS") which had the effect of suspending and extending the statute of limitations

3

pursuant to 26 U.S.C. § 6330(k)(3).  Plaintiff alleges that the statute of limitations for the income

tax periods ending December 31, 1992, December 31, 1993, December 31, 1994, December 31,

1995, December 31, 1998, and December 31, 2002 were thus suspended and extended.

Specifically, the Government alleges that Gershon submitted an offer in compromise on

August 28, 2003, which was rejected on September 29, 2004: in consequence, the statue of

limitations was extended 398 days under 26 U.S.C. § 6331(k)(1).  Plaintiff also alleges that Gershon

submitted a second offer in compromise on July 7, 2005, which was rejected on November 7, 2006,

extending the statute of limitations 489 days.  Plaintiff further alleges that on June 17, 2014,

Gershon submitted a third offer in compromise to the IRS, which was rejected on December 19,

2014, extending the statute of limitations period 185 days.  Lastly, the Government allleges that on

December 20, 2014, Lori Gershon proposed an installment agreement to the IRS which the IRS

rejected on January 8, 2015, extending the period for an additional 19 days.  The facts recited in this

paragraph do not appear to be disputed.

## II.    Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) allows parties to assert by motion the defense that

the other party "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6).

In analyzing whether a plaintiff has stated a claim upon which relief can be granted, the court must

accept as true all facts alleged in the complaint. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

Additionally, claims set forth by the plaintiff in the complaint must be facially plausible. *Bell

Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not need to put forth "detailed factual allegations" to survive a 12(b)(6) motion, but must involve more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" *Id.* (*quoting Twombly*, 550 U.S. at 555).

## III.    Analysis

### A.    Statute of Limitations

Plaintiff United States filed its complaint in the case on September 11, 2015 [Doc. 1]. Defendant Lori Gershon argues that the statute of limitations has expired for the years 1993, 1994, 1995, and 1998 because it has been more than ten years since the assessment of those taxes.

To place this contention by Defendant in context, it is necessary to review some aspects f the case's history.  Gershon is represented by Jared J. Scharf, Esq., an attorney whose practice is in White Plains, N.Y., within the Southern District of New York.  Mr. Scharf received approval from this Court to appear *pro hac vice* on Ms. Gershon's behalf in this District.  On December 1, 2015, less than three months after the Government filed this action, Scharf wrote a letter to Bradley A. Sarnell, Esq., a trial attorney in the Tax Division of the Department of Justice, whose office is in Washington, D.C.  Scharf asked Sarnell for particulars with respect to Plaintiff's tax claims against Defendant. Sarnell replied in a letter to Scharf dated December 1, 2015, which reads in part:

> I am enclosing copies of IRS Forms 4340 for Lori Gershon's liabilties for the tax years. . . . The Forms 4340 reflect the dates on which Ms. Gershon proposed offers in compromise and installment agreements to the Internal Revenue Service, as well as the dates on which such proposals were rejected.

5

Mr. Scharf submitted copies of these 4340 forms as exhibits [Doc. 17-B], in support of Defendant's motion to dismiss the Government's complaint, filed on February 5, 2016 [Doc. 17]. An IRS Form 4340 is an internal document prepared by the agency.  The form recites a taxpayer's adjusted gross income for a particular "tax period" (designated as "Dec." of the year in question); states the amounts of the taxpayer's adjusted gross income, taxable income, and self-employment tax; lists the subsequent dates of transactions relevant to the account ("debits" or "credits"); and concludes with the IRS's calculation of an "additional tax assessed."  The form contains five columns, preceded at the top by five captions, which read as follows:

"DATE   —  EXPLANATION OF TRANSACTION  —  OTHER DEBITS (REVERSAL) — PAYMENT, CREDIT (REVERSAL) —  ASSESSMENT DATE (23C., RAC 006)"

A separate Form 4340 was prepared for each of the six tax years in suit: 1992, 1993, 1994, 1995, 1998, and 2002.  Defendant's statute of limitations contention depends upon an ambiguity she professes to perceive in the Forms with respect to the dates when the IRS assessed the additional taxes due.  Defendant's brief [Doc. 18] states at page 5 note 1: "These assessment dates are ambiguous in the Forms 4340.  They are entered in one column of the forms, but another column indicates the later date claimed by the government."  Understandably enough, Defendant fastens upon the earlier of these two dates scattered among the Forms, and concludes that the ten-year "period of limitations for collection of taxes for all years other than 1992 and 2002 has expired." Doc. 18 at 6.  The proposition is illustrated by the Form 4340 for the tax year 1993 [Doc. 17-3 page 25]: under the first, left-hand column marked "DATE" the date "02-28-2000" is noted, while under the fifth, right-hand column  the date noted is "04-14-2003."

6

As a preliminary matter, we should recognize that the Defendant asks the Court consider evidence extrinsic to the pleadings in the course of considering her motion to dismiss. Under Rule 12(b)(6), the Court may only consider extrinsic evidence, such as the Forms 4340, which were attached to Defendant's motion, in certain circumstances without converting the motion to dismiss to a motion for summary judgment and giving both parties further opportunity to submit evidence. *See* Fed. R. Civ. P. 12(b); *Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006). A court may consider extrinsic information that is integral to the Complaint, if the "plaintiff rel[ied] on the terms and effect of [the] document in drafting the complaint . . . ; mere notice or possession is not enough." *Global Network*, 458 F.3d at 156 (*quoting Chambers v. Time Warner*, 282 F.3d 147, 153 (2d Cir. 2002)). A court may also consider extrinsic evidence where the document is subject to judicial notice. *Global Network*, 458 F.3d at 156. Here, the IRS and the Justice Department clearly relied on the Forms 4340 in preparing the chart included in the Complaint, which details the amounts owed by the Defendant. Thus, the Court can consider these forms in deciding this motion to dismiss without converting it to a motion for summary judgment.

Defendant asks the Court to consider the date listed on the Form 4340s under the column labeled simply "Date" as the assessment date. However, the Government's theory of the case identifies the dates listed under the column captioned "Assessment Date (23C, RAC 006)" as the relevant assessment date. Even considering the extrinsic evidence submitted by Defendant, Defendant's argument to the contrary has no merit.

Cases in this District uniformly hold that the relevant date to determine the date of assessment is the one noted under the column labeled "Assessment Date (23C, RAC 006)."  In

*United States v. Pollak*, 2015 WL 2251541, at *2–3 (D. Conn. May 13, 2015), Judge Bolden said: "In the tax context, the government's assessments are entitled to a presumption of correctness.  As long as they contain a 23C date, Form 4340s '"are consistently regarded as presumptively correct and as being sufficient proof, in the absence of evidence to the contrary, or the adequacy and propriety of the notices and assessments listed therein."' (quoting *United States v. Jaeger*, 2009 WL 4730484, at *2  (D. Conn. Dec. 2, 2009) (Eginton, J.).  Judge Nevas, in the earlier case of *United States v. Sitka*, 1994 WL 389473, at *3 (D. Conn. May 19, 1994), said: "The IRS regularly uses the Form 4340 to prove that it has made an assessment.  Indeed, it is well established that the Form 4340 is presumptive proof of a valid assessment. . . . A prerequisite to the presumption, however, is that the Form 4340 contain a '23C date,' i.e., a date indicating when the Form 23C was signed. . . . [I]f the IRS prepares  and signs a summary record (Form 23C) before the statute of limitations expires, then it may later prepare the supporting record (Form 4340)."

Consistent with these principles, Judge Bolden also held in *Pollak,*: "Because the IRS has presented a valid Form 4340 with a 23C signature date, the burden is on Mr. Pollak to show that the assessment is incorrect." 2015 WL  2251541 at *3 (internal citation omitted).  In the case at bar, where the Plaintiff has presented valid Forms 4340 with 23C signature dates, Defendant Gershon bears the same burden, and makes no effort to sustain it.

The rules are the same in other circuits and districts.  *See, e.g.,  United States v. Kyser*, 1996 WL 528534, at *2 n.2 (W.D.N.Y. Sept. 11, 1996) ("The IRS makes assessments in part by having an assessment officer complete and sign a Form 23C—*viz.*, a summary record of assessment; the '23C Date' on a 4340 Certificate indicates the date on which the pertinent Form 23C was signed—the

date of the assessment—and provides evidence that the tax was actually assessed."; "[C]ourts uniformly hold that a 4340 Certificate adequately proves a valid assessment if it lists the 23C date indicating the date on which the actual assessment was made."); 26 C.F.R. § 301.6203-1 ("The date of the assessment is the date the summary record is signed by an assessment officer."). Furthermore, the RAC 006 form is a summary record of assessment that "contains the same information contained on Form 23C." *March v. IRS*, 335 F.3d 1186, 1188 (10th Cir. 2003).

Each of the Form 4340s in the case at bar recites a 23C signature date which, under the cited cases in this district and other federal courts, precludes a statute of limitations defense as a matter of law. The brief for Gershon neither cites nor attempts to distinguish those decisions. Defendant acknowledges "the presumption of regularity accorded official entries, but only where the entries are clear and unambiguous," but clings to the proposition that "the presumption of official regularity may operate in reverse," and contends that "if evidence is presented that makes it appear that the facts from which the presumption arises are untrue, the burden shifts to the proponent to show the contrary." Doc. 18 at 7–8. That contention is unavailable to Gershon because, under the unbroken line of cases cited *supra*, the evidence the Government presented of IRS 23C signing dates establishes the timeliness of the action. The only two cases Defendant cites for the contrary conclusion – *United States v. Roses, Inc.*, 706 F.2d 1563, 1567 (Fed. Cir. 1983) and *Ashley v. Derwinski*, 2 Vet. Appeals 307, 309 (1992) – are entirely inapposite. *Roses* turned on the date a preliminary antidumping injunction became mandatory under the governing antidumping statute; *Ashley* turned on the dates when the VA mailed its decision to a veteran and the veteran received it.

These cases furnish no guidance with respect to the legally operative date of a tax assessment by the IRS under different statutes and administrative procedures.

The case law is clear that the 23C date is the relevant date for determining whether and when the IRS has completed a tax assessment.  There is no substance to Defendant's contention that the Plaintiff's claims with respect to the tax years at issue, or any of them, are barred by the ten-year statute of limitations.

### B.    Offers in Compromise and Installment Plan Offers

The Defendant also challenges the allegation by the Plaintiffs in the Complaint that the statute of limitations was suspended and extended by the Defendant's submission of offers in compromise and requests for installment agreements under 26 U.S.C. § 6331(k)(1)–(3).[1] Defendant argues that § 6331 extends the statute of limitations included in § 6502(a) for levies only, and thus is inapplicable to court proceedings. Again, Defendant's argument is without merit.

Section 6331(k)(1) and (2) provide that levies cannot be made on the property or rights to property of any person during the pendency of an offer in compromise or a proposed installment agreement, or if either is rejected, in the thirty days following the rejection. 26 U.S.C. § 6331(k)(1)–(3).

However, the statute also provides, in § 6331(k)(3)(B), that "rules similar to the rules of—. . . paragraph (5) of subsection (i) shall apply for purposes of this subsection." 26 U.S.C. § 6331(k)(3)(B). Subsection (5) of subsection (i) provides that "[t]he period of limitations under

---

[1]Defendant's brief erroneously refers to 26 U.S.C. § 6531(k), a provision that does not exist. Plaintiffs claim a suspension and extension of the statute of limitations under 26 U.S.C. § 6331(k).

section 6502 shall be suspended for the period during which the Secretary is prohibited under this section from making a levy." 26 U.S.C. § 6331(i)(5).

These statutory provisions are unambiguous. The statute of limitations in respect of the Government's claims against Gershon was suspended during the pendency of the several offers of compromise or installment payment agreement which Gershon undisputedly (and without success) made to the Government. There is no substance to Defendant's alternative contention that "The statutes do not purport to extend the period of limitations for filing a proceeding in court." Doc. 18 at 7. The argument misreads the tax statute. The Government correctly reads § 6331(i)(5) as suspending the period of limitations for suit "for the period during which the Secretary is prohibited under this subsection for making a levy." Gershon's offers of compromise and installment payments prohibited the Secretary from making a levy, for periods of 30 days after he offers were rejected. Reading the statute in its entirely, and giving effect to all is provisions, these prohibitions of levies had a like effect upon the running of the statute of limitations.

There is thus no substance to the alternative basis Defendant asserts for dismissing Plaintiff's complaint.

### C.    Attorney Scharf

For the reasons stated in Parts III.A. and B., Defendant's motion to dismiss the Government's complaint will be be denied. The Court is constrained by the circumstances of the case to consider an additional question. That question arises out of Rule 11 of the Federal Rules of Civil Procedure, which takes its present form from the 1993 Amendments to the Rule.

Rule 11(a) requires that "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name." Fed. R. Civ. P. 11(a). In the case at bar, Defendant Gershon's attorney of record is Mr. Scharf.  Rule 11(b) provides in pertinent part:

> **Representations to the Court.**    By presenting to the court a . . . written motion, . . .  an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>   (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>   (2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law . . .

Fed. R. Civ. P. 11(b). An attorney who breaches these representations to the trial court is potentially liable for sanctions.  Fed. R. Civ. P. 11(c).

In the present case, the Plaintiff has not moved for sanctions with respect to Defendant's failed motion to dismiss.  Consequently, the "safe harbor" provisions of Rule 11(c)(2) are not triggered.  However, Rule 11(c)(3) provides: "On its own, the court may order an attorney . . . to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). The Advisory Committee Notes to the 1993 Amendment state:

> The power of the court to act on its own initiative is retained, but with the condition that this be done through a show cause order.  This procedure provides the person with notice and an opportunity to respond . . . . Since show cause orders will ordinarily be issued only in situations that are akin to a contempt of court, the rule does not provide a "safe harbor" to a litigant for withdrawing a claim, defense, etc., after a show cause order has been issued on the court's own initiative.  Such corrective action, however, should be taken into

> account in deciding what – if any – sanction to impose if, after
> consideration of the litigant's response, the court concludes that a
> violation has occurred.

Fed. R. Civ. Pro. 11 advisory committee's note to the 1993 amendment.

For Rule 11 purposes, the present Defendant's motion to dismiss Plaintiff's complaint must be regarded as problematic because counsel's first asserted basis, the statute of limitations, would appear to be contrary to an unbroken line of decisions, with no contrary authority cited; and the second asserted basis, the inapplicability of suspension of the limitations period, appears to contradict the plain wording of the governing statute.  These circumstances make it difficult at first blush to conclude that Defendant's attorney has complied with the specific representations to the Court mandated by Rule 11(b)(2).

If it should clearly appear that counsel failed entirely to satisfy the representations specified in Rule 11(b)(2) (including a failure of his Rule 11(b) obligation to conduct a reasonable inquiry into that particular subject), it may be reasonable to infer that Defendant's motion to dismiss was for the "improper purpose" of causing "unnecessary delay," a separate violation of Rule 11(b)(1).

Part III.C. of this Ruling must be understood as an order directed by the Court to Defendant's attorney of record which requires counsel to show cause why, in connection with the fashioning of the motion to dismiss,  a sanction should not be imposed upon counsel for a violation of Fed. R. Civ. P. 11(b). The Court emphasizes that this Ruling does no more than pose the initial question. Resolution of the question will depend upon counsel's response. Trial counsel for the Government did not exercise his option to move for a sanction under Rule 11, and will not be heard with respect to this inquiry by the Court on its initiative.

**IV.    Conclusion**

For the foregoing reasons, the Court makes this Order:

1.  Defendant's Motion to Dismiss the Complaint [Doc. 17] is DENIED.

2.  Defendant's attorney of record is directed to submit and file with the Court a written statement responding to the Order to Show Cause set forth in Part III.C. of this Ruling.  That submission must be filed not later than January 6, 2017.

3.  If no further action has been taken with respect to the merits of the case by January 6, 2017, counsel for both parties are directed to submit to the Court and exchange with each other on that date letter reports which describe the present status of the case and summarize each party's contemplated next steps.

It is SO ORDERED.

Dated:   New Haven, Connecticut.
         December 6, 2016

/s/ Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge